[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11038
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cr-00228-WKW-CSC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARY YOUNG,

Defendant-Appellant.


_____

No. 14-11039
Non-Argument Calendar
_____

D.C. Docket No.  2:12-cr-00228-WKW-CSC-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTIAN YOUNG,

                                                        Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Alabama
_____

(October 7, 2014)

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

In these consolidated appeals, Mary Young ("Mary") and Christian Young

("Christian") challenge their total sentences, 87-months' imprisonment and 70

months' imprisonment, respectively.  Each pleaded guilty to one count of

conspiracy to defraud the United States by filing electronically a multitude of

fraudulent tax returns over a period of three years, in violation of 18 U.S.C. § 286,

and one count of aggravated identity theft, in violation of 18 U.S.C. § 1029(a).[1]

The Youngs argue that the district court erred in increasing their base offense level

by two levels for the use of sophisticated means because the tax fraud conspiracy

was not sufficiently complex to warrant the enhancement.  Christian argues in

---

[1] Mary was sentenced to consecutive prison terms of 63 months for the § 286 offense
and 24 months for the § 1029(a) offense.  Her combined sentences were at the bottom of the
Guidelines sentence range.  Christian was sentenced to consecutive prison terms of 46 months
for the § 286 offense and 24 months for the § 1029(a) offense.  His combined sentences reflect a
downward variance of 70 months.

2

addition that the court erred by failing to reduce his base level offense by two to four levels to reflect his role as a minor or minimal participant in the conspiracy offense.

### 1.    Sophisticated Means

We review the district court's determination that a defendant used sophisticated means for clear error. *United States v. Ghertler*, 605 F.3d 1256, 1267 (11th Cir. 2010).

The Sentencing Guidelines allow the district court to enhance a defendant's base level offense by two levels if the offense involved "sophisticated means." U.S.S.G § 2B1.1(b)(10)(C).  The commentary describes "sophisticated means" as "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." *Id.* § 2B1.1, comment. (n.9).  Using accounts and credit cards created and issued in the name of other individuals to perpetrate tax fraud can serve as the basis for a sophisticated means enhancement. *See United States v. Campbell*, 491 F.3d 1306, 1315-16 (11th Cir. 2007) (affirming a sentence enhancement where a tax evader utilized campaign accounts and credit cards issued to other people to conceal cash expenditures and deliberately impede the discovery of his tax fraud); *United States v. Barakat*, 130 F.3d 1448, 1457 (11th Cir. 1997) (agreeing with the district court's determination that the defendant's practice of filtering funds through his attorney's trust account

constituted a sophisticated means of concealing tax evasion). There is no requirement that each of the defendant's individual actions be sophisticated to impose the enhancement, so long as the totality of the scheme was sophisticated. *Ghertler*, 605 F.3d at 1267.

The district court did not clearly err by applying a two-level increase for the use of sophisticated means. The conspiracy spanned three years and involved over 250 stolen identities and 380 fraudulent tax returns. First, the Youngs used stolen identities from multiple sources which were difficult to trace. Second, they obtained prepaid debit cards to use for the fraudulent refund money, and, at times, received loans in anticipation of the refunds, making it more difficult to trace the proceeds. Third, they assigned different names to the tax returns and the related debit cards, making the fraud more difficult to investigate. Fourth, they used multiple addresses to receive the prepaid debit cards by mail, which required tracking the refund delivery status to ensure timely collection of the debit cards from the mail. Because the totality of the tax fraud conspiracy demonstrated the use of sophisticated means, the district court did not clearly err by applying a two-level increase to the Youngs' base level offenses. *See Ghertler*, 605 F.3d at 1267.

### 2. Minimal or Minor Participant

We review the district court's determination of a defendant's role in the offense for clear error. *United States v. Rodriguez De Varon*, 175 F.3d 930, 937

(11th Cir. 1999) (*en banc*).  Under the Guidelines, a defendant may receive a reduction in his base offense level where his role in the offense can be described as minimal, minor, or somewhere in between.  U.S.S.G. § 3B1.2.  Minimal participants may receive a four-level reduction, minor participants may receive a two-level reduction, and those whose participation falls in between may receive a three-level reduction. U.S.S.G. § 3B1.2(a), (b).  The commentary to the Guidelines instructs that a four-level reduction "is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group ….  [and their] lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant."  U.S.S.G. § 3B1.1, comment. (n.4).  In contrast, a minor role in the offense applies to a participant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.5).  The defendant has the burden of establishing by a preponderance of the evidence that he was a minimal or  minor participant.  *Rodriguez De Varon*, 175 F.3d at 938.

To determine if a defendant is entitled to a minimal or minor role adjustment, the district court first must evaluate the defendant's role in the offense on the basis of all relevant conduct within the scope of U.S.S.G. § 1B1.3 *Id.* at 940.  After evaluating the defendant's role in the offense, the district court may

5

measure the defendant's culpability in comparison to that of other participants. *Rodriguez De Varon*, 175 F.3d at 944.  The fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of his role in the offense, since it is possible that none are minor or minimal participants. *Id.*

It was not clear error for the district court to deny Christian's request for the reduction.  Christian registered the computers used in the fraud in his name, and he had access to them.   He stole identities that were used to file fraudulent tax returns.  He also utilized the fraudulent tax refunds.  While Christian may have had a lesser role in the offense than Mary, he took active steps in furtherance of the conspiracy.  Accordingly, the district court did not commit clear error in concluding that he did not have a minimal or minor role in the offense.

AFFIRMED.